UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:95-cr-23 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| DANNY WHITE, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

Defendant Danny White is serving a life sentence imposed by former District Judge David W. McKeague by judgment entered September 13, 1995, after a jury found defendant guilty of counts 1, 2, 3 and 5 of an indictment charging him with serious violations of the Controlled Substances Act. Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit by unpublished opinion issued June 20, 1997 (*United States v. White*, No. 95-2059). The United States Supreme Court denied *certiorari* on October 20, 1997. By memorandum opinion and order entered July 14, 2003, Judge McKeague denied defendant's motion for section 2255 relief (docket #'s 395, 396), the Court of Appeals thereafter denied a certificate of appealability, and the Supreme Court denied *certiorari* on October 4, 2004. By order entered June 21, 2005, Judge McKeague denied a subsequent motion for reduction of sentence. (docket # 436).

Presently pending before the court is defendant's motion to amend the judgment, ostensibly to correct a clerical mistake. Defendant invokes both Rule 60(b)(6) of the Federal Rules of Civil Procedure and Rules 32(k) and 36 of the Federal Rules of Criminal Procedure. Specifically,

defendant requests that the judgment be amended to cite 18 U.S.C. § 2 in connection with counts 2, 3 and 5.[1]  Defendant's motion points out that counts 2, 3 and 5 of the indictment cite 18 U.S.C. § 2, in addition to the substantive statute under which defendant was charged, but that the judgment omits any mention of 18 U.S.C. § 2.  On this basis, defendant claims the judgment contains clerical errors and seeks an order correcting the judgment.  Defendant apparently believes that such a correction will aid his anticipated petition for commutation of his sentence or for clemency.

Since the time that Judge McKeague was elevated to the Sixth Circuit Court of Appeals, this court has taken responsibility for post-judgment matters in criminal cases formerly assigned to him.  Upon review of the record, this court finds no error, clerical or otherwise, that requires correction under either the civil or criminal Rules of Procedure.  The judgment entered in this case (docket # 189) is correct in both form and substance.  At the time of defendant's conviction, the formal requirements for a criminal judgment were dictated by Rule 32(b)(1) of the Federal Rules of Criminal Procedure, which provided as follows:

> (b)  **Judgment**
> (1)  **In General**.  A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence.  If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly.  The judgment shall be signed by the judge and entered by the clerk.

FED. R. CRIM. P. 32(b)(1) (now 32(k)(1)).  The judgment entered in this case complied in all respects with the requirements of Rule 32(b)(1).

Indictments contain a citation to the statute or other provision of law which the defendant is alleged to have violated, because the Federal Rules of Criminal Procedure require such

---

[1] 18 U.S.C. § 2 does not define a criminal offense, but is a procedural statute that provides whoever commits an offense against the United States or aids, abets or causes another to commit an offense is punishable as a principal.

a citation.  FED. R. CRIM. P. 7(c)(1).  It is doubtful that the indictment in the present case was even required to cite 18 U.S.C. § 2, as it defines no crime and defendant was not alleged to have violated it.  Nevertheless, such questions are immaterial to the *validity* of an indictment, as an error or omission (if there is one) in citation is not ground for dismissal unless it misleads the defendant.  FED. R. CRIM. P. 7(c)(3); *see United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970).  Regardless of the formal requirements for indictments, however, the Rules contain no such dictates regarding criminal judgments.  Although Rule 32 does not formally require it, citation of the title and section of the criminal code under which a defendant has been convicted is commonly included in criminal judgments entered in the federal courts.  The citation 18 U.S.C. § 2, a procedural statute that defines no substantive offense, is not necessary to the validity of any judgment, and its omission from a criminal judgment cannot be deemed an error subject to correction by a post-trial motion.

For the foregoing reasons, the court finds that defendant's motion to correct or amend the judgment in this case is meritless, and the motion (docket # 455) will be denied.


Date:      August 10, 2006              /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT  JUDGE