UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

DANNY WHITE,

    Defendant-Movant.
_____/

Case No. 1:95-cr-23-6

HON. JANET T. NEFF

**OPINION AND ORDER**

This matter is before the Court on Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 494). For the reasons that follow, the Court denies Defendant's motion and issues this Opinion and Order. The Court will also issue a Judgment in this § 2255 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

**I.     BACKGROUND**

In 1995, a jury convicted Defendant of conspiracy to distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a); distribution of methamphetamine in violation § 841(a); and two counts of unlawful use of a communications facility in violation of 21 U.S.C. § 843. *See United States v. White*, Nos. 95-2059/2158/2159/2160, 1997 WL 345730 (6th Cir. June 20, 1997). The statute of conviction mandated a sentence of life imprisonment, Defendant's offense conduct and criminal history resulted in a guideline offense level with an advisory guideline range of life imprisonment, and his career offender finding mandated an advisory guideline of "Life." On September 11, 1995, this Court imposed a total term of life

imprisonment. *See United States v. White*, No. 1:95-cr-23, 2006 WL 2338246, at *1 (W.D. Mich. Aug. 10, 2006). The Judgment of Sentence was entered September 13, 1995 (ECF No. 189). The Sixth Circuit Court of Appeals affirmed Defendant's conviction and sentence on appeal, *White*, 1997 WL 345730, at *10, and the Supreme Court denied certiorari, *White v. United States*, 522 U.S. 940 (1997).

In 1998, White filed a § 2255 motion to vacate, set aside, or correct his sentence. This Court denied his motion, the Sixth Circuit declined to issue a Certificate of Appealabilty, *White v. United States*, No. 03-2090 (6th Cir. Nov. 26, 2003), and the Supreme Court denied certiorari.

On June 27, 2016, Defendant filed the instant § 2255 motion (ECF No. 494) and supporting memorandum of law, presenting a claim under *Johnson v. United States*, 544 U.S. 295 (2005) (ECF No. 495 at PageID.291, 294). Because Defendant had filed a prior § 2255 motion, this Court transferred the case to the Sixth Circuit for consideration as a motion for authorization to file a second or successive § 2255 motion (ECF No. 496). The Sixth Circuit remanded the motion to this Court, indicating that the motion should not be considered "second or successive" because Defendant's current claim was not yet ripe when he filed his initial § 2255 motion (ECF No. 498 at PageID.315). This Court appointed Defendant counsel, who filed a supplemental brief on March 6, 2017 (ECF No. 500). On March 21, 2017, the government filed its response in opposition to Defendant's § 2255 motion (ECF No. 503).

## II. ANALYSIS

### A. Motion Standard

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum

authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f). The one-year limitation period runs from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

### B.   Discussion

As a threshold matter, the Court addresses the claim of Defendant's appointed counsel under 28 U.S.C. § 2255(f)(3) that the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___; 135 S. Ct. 2551 (2015), "open[s] the door for Mr. White to have his original sentence reviewed by this Court" (Supp. Br., ECF No. 500 at PageID.322). In *Johnson*, the Supreme Court reviewed the definition of "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and invalidated the residual clause of that definition because it is so vague that it violates due process principles. 135 S. Ct. at 2553-54, 2562-63. Defendant was not sentenced pursuant to

3

the ACCA, nor was a residual-clause "crime of violence" used to enhance his sentence.  Therefore, the Court agrees with the government that the Supreme Court's 2015 decision in *Johnson* does not allow for a resentencing (Resp., ECF No. 503 at PageID.341).

Defendant's argument is instead premised on 28 U.S.C. § § 2255(f)(4) and the Supreme Court's 2005 decision in *Johnson v. United States*, 544 U.S. 295 (2005) (Memo., ECF No. 495 at PageID.291, 294).  *Johnson* concerned whether a petitioner, who waited over three years to return to state court to attempt to vacate a state conviction that had supported an enhanced federal sentence, could avail himself of a delayed accrual date under § 2255(f)(4).  544 U.S. 295.  The Supreme Court ruled that although the petitioner had filed his federal habeas petition within one year of the state court's vacatur order, the petition was nonetheless untimely because AEDPA "allows the fact of the state-court order to set the 1-year period running only if the petitioner has shown due diligence in seeking the order," which it deemed the petitioner not to have done.  *Id.* at 302.

Here, Defendant argues that because a California court in September 2015 reclassified one of his prior felony drug convictions from a felony to a misdemeanor, his life sentence is now unconstitutional and should be vacated (Memo., ECF No. 495 at PageID.293).  However, Defendant is statutorily barred from challenging the validity of his prior conviction.  The June 2, 1995 information in this case provided notice that Defendant's 1986 convictions were being used to enhance his sentence (ECF No. 143; Resp., ECF No. 503 at PageID.343).  21 U.S.C. § 851(e) instructs that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."  Defendant's 1986 convictions occurred more than five years before the date of the information in this case.  Moreover, at the

time of sentencing, Defendant was found to be a career offender based not only on the prior felony drug convictions but also on an armed robbery conviction. For these reasons and those more fully stated by the government in its Response (ECF No. 503), Defendant's argument does not entitle him to habeas relief.

### C. Evidentiary Hearing

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Having decided that the files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the merits of the pending motion.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(B), the Court must further determine whether to grant a certificate of appealability as to the issue Defendant raises. *See* RULES GOVERNING § 2255 PROCEEDINGS, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review issues individually. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

Regarding Defendant's claim, a constitutional claim that this Court rejected on the merits, the showing required to satisfy § 2253(c) is straightforward: "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *See Slack*, 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Defendant's claim debatable or wrong.  A certificate of appealability will therefore be denied.

### IV.     CONCLUSION

For the foregoing reasons, this Court denies Defendant's § 2255 motion and denies a certificate of appealability as to the issue asserted.  Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 494) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED.

Dated:  May 2, 2018                                            /s/ Janet T. Neff
                                                                                                                                      JANET T. NEFF
                                                                                                                                      United States District Judge